S. LANE TUCKER
United States Attorney

SETH M. BEAUSANG
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: seth.beausang@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>APPROXIMATELY $8,998.30,<br>REPRESENTING PROCEEDS FROM<br>THE SALE OF GROUNDFISH,<br><br>    Defendant. | No.<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

Plaintiff, United States of America, by and through counsel, alleges the following:

**I. NATURE OF THE ACTION**

1. This is a civil action *in rem* brought to enforce the provisions of 16 U.S.C. § 1860 for the forfeiture of the Defendant *in rem*.

2. The Defendant *in rem* is comprised of approximately $8,998.30, representing proceeds from the sale of groundfish landed and sold by the F/V SENTINEL on or about September 9, 2024, in Kodiak, Alaska.

3. The Defendant *in rem* was lawfully seized by law enforcement agents with the National Oceanic and Atmospheric Administration (NOAA), National Marine Fisheries Service (NMFS), Office of Law Enforcement (OLE), and delivered to NOAA on or about September 18, 2024.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to 16 U.S.C. §§ 1860(b) and 1861(d), and 28 U.S.C. §§ 1345 and 1355(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1395 because the Defendant *in rem* was seized within the District of Alaska.

## III. APPLICABLE LAW

6. The Individual Fishing Quota (IFQ) sablefish fishery in the Western Gulf of Alaska is regulated under the Magnuson–Stevens Fishery Conservation and Management Act ("Magnuson-Stevens Act"), 16 U.S.C. § 1801 *et seq*. As specified at 50 C.F.R. § 679.1(a), (d), and (f), part 679 of title 50 of the Code of Federal Regulations contains the implementing regulations to administer the Fisheries Management Plan (FMP) for groundfish fisheries of the Gulf of Alaska, the IFQ Program for sablefish and halibut fisheries, and the Groundfish and Halibut Observer Program.

7. Pursuant to 50 C.F.R. § 679.2, the term "groundfish" is defined to include

"FMP species as listed in Table 2a" of part 679 of title 50 of the Code of Federal Regulations. "Sablefish (blackcod)," "Thornyhead" rockfish, and "Rougheye" rockfish are all groundfish listed in 50 C.F.R. part 679, Table 2a.

8. Pursuant to 16 U.S.C. § 1861(b)(1)(A)(ii), any authorized officer may, with or without a warrant or other process, board, and search or inspect, any fishing vessel which is subject to the provisions of the Magnuson-Stevens Act.

9. Pursuant to 15 C.F.R. § 904.2, an "authorized officer" is defined to include "any special agent or fishery enforcement officer of NMFS" and "any officer designated by the head of any Federal or state agency that has entered into an agreement with the Secretary of Commerce to enforce the provisions of any statute administered by NOAA".

10. Pursuant to 50 C.F.R. § 600.725(d), it is unlawful for any person to: (d) Refuse to allow an authorized officer to board a fishing vessel or to enter areas of custody for purposes of conducting any search, inspection, or seizure in connection with the enforcement of the Magnuson–Stevens Act or any other statute administered by NOAA.

11. Pursuant to 50 C.F.R. § 600.725(f), it is unlawful for any person to: (f) Assault, resist, oppose, impede, intimidate, threaten, or interfere with any authorized officer in the conduct of any search, inspection, or seizure in connection with enforcement of the Magnuson-Stevens Act or any other statute administered by NOAA.

12. Pursuant to 50 C.F.R. § 679.4(b)(1)(i), no vessel of the United States may be used to retain groundfish in the Gulf of Alaska or engage in any fishery in the Gulf of

Alaska that requires retention of groundfish, unless the owner or authorized representative first obtains a Federal Fisheries Permit (FFP) for the vessel, issued under part 679 of title 50 of the Code of Federal Regulations.

13. Pursuant to 50 C.F.R. § 679.7(a)(1)(i), it is unlawful for any person to fish for groundfish in the Gulf of Alaska with a vessel of the United States that does not have on board a legible copy of a valid FFP issued under § 679.4.

14. Pursuant to 16 U.S.C. § 1802(48), a "vessel of the United States" is defined as including a vessel with a United States Coast Guard Certificate of Documentation (COD).

15. Pursuant to 50 C.F.R. § 679.51(a)(1)(ii)(C)(1), a catcher vessel is required to register an anticipated fishing trip with the NMFS Observer Declare and Deploy System (ODDS) a minimum of 72 hours before embarking on a trip for directed fishing for IFQ sablefish while carrying the IFQ permit holder aboard.

16. Pursuant to 50 C.F.R. § 679.7(a)(3)(i), it is unlawful for any person to fish or process groundfish except in compliance with the terms of the Groundfish and Halibut Observer Program as provided by subpart E of part 679, title 50 of the Code of Federal Regulations.

17. Pursuant to 50 C.F.R. § 600.725(a), it is unlawful for any person to have custody or control of, ship, transport, offer for sale, sell, or land any fish or parts thereof taken or retained in violation of the Magnuson-Stevens Act or any regulation issued thereunder.

*U.S. v. APPROXIMATELY $8,998.30 REPRESENTING PROCEEDS FROM THE SALE OF GROUNDFISH*
*VERIFIED COMPLAINT FOR FORFEITURE IN REM*
4
Case 3:24-cv-00268-SLG    Document 1    Filed 12/10/24    Page 4 of 11

18. Pursuant to 16 U.S.C. § 1857(1)(A), it is unlawful for any person to violate any provision of the Magnuson-Stevens Act or any regulation or permit issued pursuant to the Act.

19. Pursuant to 16 U.S.C. § 1860(a), any fish (or the fair market value thereof) taken or retained, in any manner, in connection with or as a result of the commission of any act prohibited by section 1857 of this title (other than any act for which the issuance of a citation under section 1861(c) of this title is sufficient sanction) shall be subject to forfeiture to the United States.

## IV. RELEVANT FACTS

20. The F/V SENTINEL is a 43-foot hook-and-line catcher fishing vessel.

21. The owner and operator of the F/V SENTINEL is Arseny Polushkin.

22. Arseny Polushkin is a U.S. citizen.

23. F/V SENTINEL is a U.S.-flagged vessel with a COD that expired on October 31, 2022.

24. An FFP was issued for the F/V SENTINEL on February 28, 2021, and expired on December 31, 2023.

25. Arseny Polushkin was the holder of the expired FFP.

26. On or about September 8, 2024, OLE received a Prior Notice of Landing (PNOL) reporting a planned offload by the F/V SENTINEL to Island Pacific Seafoods in Kodiak of IFQ sablefish harvested in the Western Gulf of Alaska.

27. The PNOL triggered multiple automatic notifications to OLE based on a

*U.S. v. APPROXIMATELY $8,998.30 REPRESENTING PROCEEDS FROM THE SALE OF GROUNDFISH*
*VERIFIED COMPLAINT FOR FORFEITURE IN REM*
5

Case 3:24-cv-00268-SLG    Document 1    Filed 12/10/24    Page 5 of 11

history of Arseny Polushkin opposing OLE boardings and being subject to ongoing permit sanctions.

28. On or about September 9, 2024, law enforcement officers responded to Island Pacific Seafoods' pier to locate, board, and inspect the F/V SENTINEL.

29. Once the F/V SENTINEL was moored to the pier for the scheduled offload, law enforcement officers approached the vessel and stated to the crew their intent to conduct an inspection of the vessel in connection with the enforcement of the Magnuson–Stevens Act.

30. During this engagement, an OLE officer explained the purpose for the boarding and his authority to inspect the vessel. Arseny Polushkin resisted the officer and opposed his authority to board the vessel.

31. The OLE officer asked Arseny Polushkin whether he would assist in facilitating the inspection. Arseny Polushkin refused.

32. The OLE officer asked if the vessel had an FFP. Arseny Polushkin responded that it did not.

33. Eventually, a member of the crew, Nikan Polushkin, allowed an OLE officer to inspect an electronic chart displayed on a laptop positioned on the vessel's dash in front of the helm. The chart showed that the vessel appeared to have transited from Bristol Bay through Unimak Pass near Dutch Harbor then south into the Western Gulf of Alaska where it fished before proceeding east to Kodiak for landing. Nikan Polushkin confirmed that the vessel had fished in that area.

34. In attempting to inspect the vessel, an OLE officer asked Arseny Polushkin what was contained in a blue container onboard the vessel. Arseny Polushkin replied, "None of your business."

35. The OLE officers disembarked the F/V SENTINEL after Arseny Polushkin unlawfully resisted, opposed, impeded, and interfered with the officers' inspection of the vessel and unlawfully refused to allow the officers to search containers on the vessel.

36. OLE officers provided a Notice of Seizure (NOS) to Island Pacific Seafoods for the value of F/V SENTINEL's offload based on violations of the Magnuson–Stevens Act.

37. Island Pacific Seafoods provided OLE officers with an Alaska Department of Fish & Game Electronic Groundfish Ticket which documented that F/V SENTINEL landed and sold approximately 3,841 pounds of federally managed groundfish harvested from the federal waters of the Western Gulf of Alaska valued at $8,998.30 (hereinafter, "the groundfish"). The catch was landed under CFEC Permit No. 20551Q and IFQ permit no. 183023 issued to Nikan Polushkin.

38. An OLE officer returned to the pier to serve an NOS on Arseny Polushkin and Nikan Polushkin. From the dock, the officer explained the purpose of the document, what information it contained, and requested that Arseny Polushkin or Nikan Polushkin take the notice. Arseny Polushkin and Nikan Polushkin both refused to come ashore to accept service, and neither individual consented to the officer coming back aboard the F/V SENTINEL.

39. On or about September 18, 2024, Island Pacific Seafoods provided OLE officers with a check in the seizure amount of $8,998.30 from the proceeds of the groundfish (the Defendant *in rem*).

40. The Defendant *in rem* is in the possession, custody, or control of the United States and is not subject to any judicial restraining order.

41. On or about October 10, 2024, the NOAA Office of General Counsel published a Notice of Seizure and Proposed Forfeiture to the NOAA forfeiture website and issued this Notice via certified mail to Arseny Polushkin and Nikan Polushkin, consistent with 15 C.F.R. § 904.504(b).

42. On or about November 12, 2024, the NOAA Office of General Counsel received correspondence from Arseny Polushkin requesting the return of the $8,998.30 in seized proceeds.

## FIRST CLAIM FOR RELIEF

43. The allegations in paragraphs 1-42 are hereby realleged.

44. On or about September 9, 2024, the operator of the F/V SENTINEL landed and sold the groundfish which had been taken or retained as a result of fishing in the Gulf of Alaska in violation of 50 C.F.R. §§ 600.725(a), 679.4(b)(1)(i), and 679.7(a)(1)(i), and 16 U.S.C. § 1857(1)(A), in that the groundfish was taken by and retained aboard the F/V SENTINEL without the vessel having a valid FFP and without having on board a legible copy of a valid FFP.

45.	The fair market value of the groundfish is $8,998.30 and is subject to forfeiture pursuant to 16 U.S.C. § 1860.

## SECOND CLAIM FOR RELIEF

46.	The allegations in paragraphs 1-42 are hereby realleged.

47.	On or about September 9, 2024, the operator of the F/V SENTINEL landed and sold the groundfish which had been taken or retained as a result of fishing in the Gulf of Alaska in violation of 50 C.F.R. §§ 600.725(a), 679.51(a)(1)(ii)(C)(1) and 679.7(a)(3)(i), and 16 U.S.C. § 1857(1)(A), in that the groundfish was taken by and retained aboard the F/V SENTINEL during a fishing trip that began on September 2, 2024, and that was not registered with ODDS a minimum of 72 hours before embarking on the fishing trip.

48.	The fair market value of the groundfish is $8,998.30 and is subject to forfeiture pursuant to 16 U.S.C. § 1860.

WHEREFORE, Plaintiff United States of America prays that:

A.	A Warrant *In Rem* issue for the arrest of Defendant *in rem*;

B.	That due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

C.	That judgment be entered declaring Defendant *in rem* be forfeited to the United States of America for disposition according to law, and

D.	For such relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED this 10th day of December 2024, in Anchorage, Alaska.

        S. LANE TUCKER
        United States Attorney

        <u>s/ Seth M. Beausang</u>
        SETH M. BEAUSANG
        Assistant U.S. Attorney
        United States of America

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 10, 2024
a true and correct copy of the foregoing
was served via certified mail on the following:

Arseny Polushkin,
P.O. Box 62
Homer, AK 99603

Nikan Polushkin,
P.O. Box 62
Homer, AK 99603

<u>United States Attorney's Office</u>

*U.S. v. APPROXIMATELY $8,998.30 REPRESENTING PROCEEDS FROM THE SALE OF GROUNDFISH*
*VERIFIED COMPLAINT FOR FORFEITURE IN REM*

10
Case 3:24-cv-00268-SLG   Document 1   Filed 12/10/24   Page 10 of 11

## VERIFICATION

I, Special Agent William Gosnell, hereby verify and declare under the penalty of perjury that I am employed as a Special Agent employed by the National Oceanic and Atmospheric Administration (NOAA), National Marine Fisheries Service (NMFS), Office of Law Enforcement (OLE), that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge and belief. The sources of my knowledge and information and the grounds for my belief include official files and records of the United States, publicly available files and historical information, files and records compiled by local and state law enforcement agencies, information supplied to me by other law enforcement officers and other witnesses, as well as my investigation in this case, together with others, as well as my training and experience.

*William Gosnell* (signature)
William Gosnell
Special Agent

Declarations have the same legal force as affidavits. 28 U.S.C. § 1746